UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHEILA KNEPFLE,

    Plaintiff,

v.                                      Case No. 8:18-cv-543-T-60CPT

J-TECH CORP., J&P CYCLES,
LLC, LEMANS CORP., and
HJC CORP.,

    Defendants.
_____/

**ORDER DENYING "HJC CORPORATION'S
MOTION FOR RECONSIDERATION OF ORDER
DENYING HJC'S MOTION TO DISMISS AND
ALTERNATIVE REQUEST FOR CERTIFICATION
UNDER 28 U.S.C. § 1292(B)"**

This matter is before the Court on "HJC Corporation's Motion for Reconsideration of Order Denying HJC's Motion to Dismiss and Alternative Request for Certification Under 28 U.S.C. § 1292(b)," filed on January 6, 2020. (Doc. 132). On December 11, 2019, the Court denied HJC Corp.'s motion to dismiss for lack of personal jurisdiction. (Doc. 129). Now, HJC requests that the Court reconsider its ruling or, in the alternative, certify the question for interlocutory review under 28 U.S.C. § 1292(b). Upon review, of the motion, court file, and record, the Court finds as follows:

*Motion for Reconsideration*

In its motion, HJC argues that reconsideration is necessary to correct clear errors of law and/or fact and to prevent manifest injustice. Upon review, the Court finds that there are no clear issues of law or fact that warrant reconsideration of the December, 11, 2019, Order. *See* (Doc. 129). Furthermore, motions for reconsideration "should not be used to raise arguments which could, and should, have been made earlier." *Beeders v. Gulf Coast Collection Bureau*, 8:09-cv-458-T-17EAJ, 2009 WL 3013502, at *2 (M.D. Fla. Sept. 16, 2009) (quoting *Prudential Sec., Inc. v. Emerson*, 919 F. Supp. 415, 417 (M.D. Fla. 1996)). HJC's new facts and arguments could – and should – have been raised at an earlier stage, and it has provided no explanation as to why these issues were not raised in either its motion to dismiss or at the hearing. Consequently, the motion for reconsideration is denied.

*Interlocutory Review*

HJC alternatively requests that the Court certify its December 11, 2019, Order for interlocutory review under 28 U.S.C. § 1292(b). An appeal of a non-final order is only proper where: "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation." *Hunter v. Chrysler Canada, Inc.*, 6:09-cv-1050-Orl-35GJK, 2010 WL 11507702, at *1 (M.D. Fla. Aug. 4, 2010). Interlocutory review under § 1292(b) is to be used only to resolve "abstract legal issues or issues of pure'law." *PFM Air, Inc. v. Dr. Ing. hc. F. Porsche*

*A.G.*, 751 F. Supp. 2d 1264, 1269 (M.D. Fla. 2010) ( internal quotation omitted) (denying interlocutory appeal of the district court's denial of the defendant's motion to dismiss for lack of personal jurisdiction).  Motions seeking interlocutory review of motions to dismiss denied for lack of personal jurisdiction are frequently denied.  *See, e.g.*, *Hunter*, 2010 WL 11507702, at *1; *PFM Air, Inc.*, 751 F. Supp. 2d at 1269.

HJC contends that the Court's December 11, 2019, Order involves a controlling issue of law because the Eleventh Circuit has not yet settled on which stream of commerce test to adopt.  Although this may be true, the Order does not involve a controlling question of law since the Court applied both legal tests.  As such, the Order does not present a legal question of which stream of commerce test to apply.  Instead, the controlling question presented by the Order is the *factual* question of whether HJC possesses sufficient minimum contacts with Florida.  Reviewing this question would require the Eleventh Circuit to engage in a "highly intensive evaluation of the facts." *See PFM Air, Inc.*, 751 F. Supp. 2d at 1269 (citing *McFarlin*, 381 F.3d at 1258).  This is not the appropriate subject for interlocutory review.  Additionally, interlocutory review would not materially advance the ultimate termination of this case since "the litigation will continue whether or not Florida can exercise personal jurisdiction over [HJC] because Florida does have jurisdiction over [the other defendants].  If this Court were to certify the matter for interlocutory appeal a trial would not be avoided and

litigation would be substantially lengthened." *See id*. Therefore, HJC's request to certify the December 11, 2019, Order for interlocutory review is denied.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "HJC Corporation's Motion for Reconsideration of Order Denying HJC's Motion to Dismiss and Alternative Request for Certification Under 28 U.S.C. § 1292(b)" is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of April, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**