# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SHEILA KNEPFLE,

        Plaintiff,

v.                                    Case No. 8:18-cv-543-T-KKM-CPT

J&P CYCLES, LLC, et al.

        Defendants.

_____/

## ORDER

Defendants J&P Cycles, LeMans Corporation, and HJC move for summary judgment on all of Plaintiff Sheila Knepfle's claims. (Doc. 186). Knepfle opposes the defendants' motion. (Doc. 193).

In a separate order, the Court granted the defendants' motion to exclude Knepfle's proffered expert John Lloyd. (Doc. 247). Now, in their motion for summary judgment, the defendants argue that Knepfle cannot establish a genuine issue of material fact on defect and causation without an expert to opine on those elements. (Doc. 186 at 3–4). As a result, the defendants conclude that the Court should grant summary judgment in their favor.

In a one-page response—unaccompanied by a legal memorandum—to the defendants' motion for summary judgment, Knepfle argues that summary judgment is inappropriate because "there is no basis to strike Dr. Lloyd's opinions." (Doc. 193). Because she put forth no other argument about why the Court should not grant

summary judgment in the defendants' favor if the Court excludes Lloyd's opinion, Knepfle waived any other argument. *See Lambeth v. Three Lakes Corp.*, 478 F. Supp. 3d 1347, 1354 n.7 (N.D. Ga. 2020) (Ross, J.) (finding an argument put forth in a motion for summary judgment conceded because the opposing party never responded to that argument). Perhaps more telling, at the *Daubert* hearing on Lloyd's proffered expert testimony, Knepfle's counsel conceded that, without his testimony on the alleged defect in the Nomad helmet's double D-rings system, her case is effectively over.

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party can show that no genuine dispute of material fact exists by showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To overcome summary judgment, the opposing party must point to evidence in the record showing that a genuine issue for trial exists. *Id.* at 323.

In this products-liability action, Knepfle brings claims against the defendants for strict liability, negligence, and "negligent performance of voluntarily undertaken post-sale duty to warn." (Doc. 46, ¶¶35–103). Each of her claims relies on establishing an alleged design defect in the Nomad helmet, specifically its retention system (including its straps and the double D-rings clasp). *See id.*

To succeed in a design defect claim under Florida law, the plaintiff must show that "(1) a defect existed in the product, (2) the defect caused the injury, and (3) the

defect in the product existed at the time the product left the possession of the manufacturer." *See Cooper v. Old Williamsburg Candle Corp.*, 653 F. Supp. 2d 1220, 1223 (M.D. Fla. 2009) (Covington, J.). Whether under a negligence or strict liability theory, a plaintiff must "provide expert testimony [opining] that the product was defective and evidence that the product caused the injury of which she complains." *Blinn v. Smith & Nephew Richards, Inc.*, 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999) (Kovachevich, J.); *see also Savage v. Danek Medical, Inc.*, 31 F. Supp. 2d 980, 983 (M.D. Fla. 1999) (Lazzara, J.) ("A defect must be proven by expert testimony."); *Worsham v. A.H. Robins Co.*, 734 F.2d 676, 685 n.8 (11th Cir. 1984) ("[E]xpert testimony is often required to establish defective design of a product.").

The Court excluded Lloyd's proffered testimony because his methodology for arriving at his opinion about the alleged design defect in the Nomad helmet is unreliable. (Doc. 247). And Knepfle points to no other expert who will testify about the alleged defect in the Nomad helmet. *See Celotex*, 477 U.S. at 323 ("[T]he nonmoving party [must] make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."). As a result, the defendants are entitled to summary judgment on Knepfle's claims. *See also Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944–45 (11th Cir. 2015) (affirming summary judgment where the district court excluded the plaintiff's only proffered expert who would have testified about product's alleged defect.).

The following is **ORDERED**:

1. The defendants' motion for summary judgment (Doc. 186) is **GRANTED**.

2. HJC's motion for summary judgment for lack of personal jurisdiction (Doc. 187) and Knepfle's motion for extension of time to file a response to that motion (Doc. 235) are **DENIED as moot**.

3. The Clerk is directed to (1) enter judgment for the HJC Corporation, LeMans Corporation, and J&P Cycles, LLC, against Knepfle on all counts, (2) to terminate all pending motions, and (3) to close the case.

**DONE** in Tampa, Florida, on May 7, 2021.

Kathryn Kimball Mizelle
United States District Judge